IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLE ABS CAPITAL I INC TRUST 2006-HE8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 HE8, its successors and/or assigns,<br><br>Plaintiff,<br><br>V.<br><br>DELMY H. SILVA, EDGAR A. SILVA, RONALD WALSH, AND ALL OTHER OCCUPANTS,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § | No. 3:23-cv-1605-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Morgan Stanle ABS Capital 1 Inc Trust 2006-HEB Mortgage Pass-Through Certificates Series 2006 HE8 (Deutsche Bank) filed a complaint for forcible detainer in a Dallas County, Texas justice court, which Defendants (the occupants of the property) have now – for the third time – removed under the Court's diversity jurisdiction. *See* Dkt. No. 2.

The presiding United States district judge referred the latest removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

This removal occurred less than two months after the Court's *sua sponte*

remanding to state court – for the second time – the removal of this action after finding jurisdiction lacking. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanle ABS Capital I Inc. Trust 2006-HE8, Mortgage Pass-Through Certificates, Series 2006 HE8 v. Silva*, No. 3:23-cv-349-G-BN, 2023 WL 2636726 (N.D. Tex. Feb. 17, 2023), *rec. accepted*, 2023 WL 2632819 (N.D. Tex. Mar. 24, 2023) (*Silva I*); *Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Morgan Stanle ABS Capital I Inc. Trust 2006-HE8, Mortgage Pass-Through Certificates, Series 2006 HE8 v. Silva*, No. 3:23-cv-814-N-BN, 2023 WL 3689618 (N.D. Tex. Apr. 24, 2023), *rec. accepted*, 2023 WL 3689993 (N.D. Tex. May 26, 2023) (*Silva II*).

The removing parties point to no material change in the state court action between the second removal (and remand) and now. So, as the Court previously twice explained,

> [a] defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).
>
> The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). And "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and

precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Diversity jurisdiction is the sole basis for subject matter jurisdiction asserted here. And, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Defendants argue that "[t]he amount in controversy is the value of the object of the litigation" and then assert that "[t]he subject property has a current fair market value of $430,813.00 according to the Dallas Central Appraisal District." Dkt. No. 3 at 2 (citation omitted). But the full value of the subject property is not the object of Deutsche Bank's forcible detainer action. Instead,

> [a] forcible detainer action only seeks *possession* of property. Ownership of the home is not a matter in controversy in an eviction suit. As one Texas Court of Appeals noted:
>> The primary object of a [forcible entry and detainer or forcible detainer] suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract.
> 
> *Dews v. Floyd*, 413 S.W.2d 800, 805, 413 S.W.2d 800 (Tex. Civ. App. 1967, writ dism'd); *see also Hart v. Keller Props.*, 567 S.W.2d 888, 889, 567 S.W.2d 888 (Tex. Civ. App. 1978) ("The rule is settled that the measure of the lessor's damages for withholding possession pending appeal of the forcible detainer action is the reasonable rental value."). Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. *See* TEX. PROP. CODE ANN. § 24.001, *et seq.*

*U.S. Bank Nat'l Ass'n v. Spence*, No. 4:13CV245, 2013 WL 1856032, at *2 (E.D. Tex. May 1, 2013).

> Defendants have therefore failed to establish jurisdiction under Section 1332 by demonstrating that the object of the state lawsuit exceeds $75,000 in value.

*Silva I*, 2023 WL 2636726, at *1-*2; *Silva II*, 2023 WL 3689618, at *1-*2.

In addition to again remanding this matter to state court, the Court should find – as was found in *Silva II* – that the baseless third removal of this action is malicious. *Cf. Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) ("A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993))); *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

After finding so, Chief United States District Judge David C. Godbey warned the removing parties, in the *Silva II* judgment, "that further removals of this lawsuit will result in monetary sanctions of at least $2,000 per removal." *Silva II*, Dkt. No. 7.

The Court should therefore impose a monetary sanction of $2,000 against the removing parties and order that further removals of this lawsuit will not be considered – and will be summarily remanded – unless and until this sanction is paid in full and could result in additional monetary sanctions.

**Recommendation**

The Court should *sua sponte* remand this action to the court from which it was removed, impose a monetary sanction of $2,000 against the removing parties, and

order that further removals of this lawsuit will not be considered – and will be summarily remanded – unless and until this sanction is paid in full and could result in additional monetary sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 20, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE